UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEFF HAMILTON,

       Plaintiff,                              Hon. Gordon J. Quist

v.                                                Case No. 1:08 CV 785

LYLE DANIELS,

       Defendant.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Daniel's Motion for Summary Judgment, (dkt. #17), and Plaintiff's Motion to Defer Defendant's Motion for Summary Judgment, (dkt. #23). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendant's motion **granted**, and Plaintiff's action **dismissed**.


## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). Plaintiff is confined to a wheelchair because he is paralyzed on the left side of his body. Plaintiff has an aide assigned to assist him "obtain meals." On July 12, 2007, Defendant Daniels issued a memorandum providing that prison officials "will no longer be getting trays" for disabled prisoners. Instead, the aides assigned to assist disabled prisoners would be required to "push or walk [the disabled prisoner] through the chow lines so that [they] are able to decide what [they] would like on [their] tray." Plaintiff asserts that his aide cannot "push him and carry two trays also." Plaintiff asserts that as a result of this policy

change, he "has not been able to eat in the facility dining hall for over six (6) months and has lost significant body weight/mass due to discriminatory actions towards Plaintiff's disability."

Plaintiff claims that Defendant Daniels' actions violate his rights under the Americans with Disabilities Act (ADA) and the Eighth Amendment to the United States Constitution. Plaintiff initiated this action against Daniels - in his individual capacity only - seeking equitable, injunctive, and monetary relief. Defendant Daniels now moves for summary judgment. Plaintiff counters with a motion to defer resolution of Defendant's motion for summary judgment. For the reasons discussed below, the Court recommends that Plaintiff's motion be denied, Defendant's motion granted, and Plaintiff's action dismissed.

**I.        Defendant's Motion for Summary Judgment**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

A.     Americans with Disabilities Act

Title II of the Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability shall by reason of such disability be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Jones v. City of Monroe, Michigan*, 341 F.3d 474, 477 (6th Cir. 2003) (quoting 42 U.S.C. § 12132). The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices. . .meets the essential eligibility requirements for receipt of services or the participation in programs or activities provided by a public entity." *Jones*, 341 F.3d at 477 (quoting 42 U.S.C. § 12131).

As is well recognized, the ADA applies to state prisoners. *See McKinley v. Bowlen*, 2001 WL 493394 at *1 (6th Cir., May 1, 2001) (*citing Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998)). However, the ADA does not impose liability upon individuals. *See Lee v. Michigan Parole Board*, 2004 WL 1532563 at *1 (6th Cir., June 23, 2004) (citing 42 U.S.C. § 12131(1)). Thus, a prisoner may not maintain an action for damages against an individual defendant in his individual capacity.

To make out a prima facie case of discrimination under Title II of the ADA, Plaintiff must establish the following: (1) he has a disability, (2) he is otherwise qualified, and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability. *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005).

B.   Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, Plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Hadix*, 367 F.3d at 525 (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)). If the objective test is met, the Court must then determine whether Defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was Defendant deliberately indifferent to inmate health or safety. *Id.* However, the Eighth Amendment is not implicated where prison officials simply acted with negligence. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In sum, to establish that Defendants acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 829, 847).

C.     Evidence Submitted by Defendant Daniels

In support of his motion for summary judgment, Defendant Daniels has submitted: (1) a copy of the memorandum referenced in Plaintiff's complaint, (2) an affidavit, and (3) copies of excerpts of Plaintiff's medical records.  Plaintiff has submitted no evidence in response to Defendant's motion.  An examination of the evidence submitted by Defendant reveals that he is entitled to summary judgment.

1.     Memorandum

On July 8, 2007, Defendant Daniels issued a memorandum to "All Staff/Disabled Prisoners," which reads in its entirety as follows:

> Effective July 13, 2007 prisoners with disabilities are to have the aids detailed to assist them in mobility push or walk with them through the chow lines so that you are able to decide what you would like on your tray.  The aids are to get their tray at the same time and then assist you to your table to eat.  If you or your aid are still in need of assistance food service will have a food service worker assist you in carrying your tray to the table upon request.  You will not be allowed to cut in line for any reason nor will the aid be allowed to get out of line and then return to get a tray.  You must also adhere to the current time line set for chow.
>
> Prisoners with canes that need assistance are to walk through the chow line and if needed a food service worker will assist you with your tray to the table.  We will no longer be getting trays for anyone.

(Dkt. #18, Exhibit A, Attachment 1).

2.     Affidavit

In his affidavit, Defendant Daniels asserts that on July 12, 2007, he personally addressed "all the handicapped prisoners" at the facility and "explained to them that we would no longer allow

them to be pushed up to a table and get waited on as if they were in a restaurant." (Dkt. #18, Exhibit A at ¶ 3). Daniels asserts that he explained to the prisoners that "if their pusher could not carry both trays and push them to a table, upon request we would have a Food Service worker carry their trays to the table, but we would no longer be waiting on them." (Dkt. #18, Exhibit A at ¶ 3). Defendant Daniels asserts that he "did not prevent Plaintiff from coming to the dining room, or prevent him from eating for six months, as he alleges. If Plaintiff Hamilton did not eat in the dining hall it is because he decided not to come over and eat." (Dkt. #18, Exhibit A at ¶ 5). Daniels further asserts that "Plaintiff Hamilton's allegation in paragraph 7 [of his complaint], that I responded to his complaint and totally disregarded the situation, is not true. The first time I became aware of Plaintiff Hamilton and his complaint was when I was served with this lawsuit." (Dkt. #18, Exhibit A at ¶ 6).

3.   Medical Records

The medical records submitted by Defendant indicate that on the following dates, Plaintiff weighed the indicated amount:

| **DATE** | **WEIGHT** (in pounds) |
|---|---|
| March 13, 2007 | 160 |
| June 29, 2007 | 171 |
| September 20, 2007 | 172 |
| April 17, 2008 | 180 |
| April 23, 2008 | 185 |

(Dkt. #18, Exhibit B at 40, 49, 73, 81, 99[1]).

---

[1] These numbers refer to the sequential page numbers located in the lower left hand corner of the pages in this exhibit.

These medical records, which cover the period from January 2007 to December 2008, contain no evidence that Plaintiff was suffering from any injury or impairment related to or resulting from an alleged inability to consume adequate nutrition.

D.  Analysis

1.  ADA Claim

Plaintiff has sued Defendant Daniels in his individual capacity only. As noted above, however, Plaintiff cannot maintain an action under the ADA against Daniels in his individual capacity. Daniels is, therefore, entitled to summary judgment on that basis. Moreover, even if Plaintiff could maintain an action against Daniels in his individual capacity, the result would be the same.

As previously noted, to establish a prima facie case of discrimination under Title II of the ADA, Plaintiff must establish the following: (1) he has a disability, (2) he is otherwise qualified, and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability.

Defendant has presented evidence that disabled prisoners, such as Plaintiff, were provided ample assistance in the chow hall. Plaintiff has presented no evidence that this assistance was illusory, non-existent, or in any way deficient or insufficient. It appears that Plaintiff was simply unhappy with Defendant's decision to require disabled prisoners to proceed through the chow line (with assistance) like the able-bodied prisoners. The ADA does not mandate that Plaintiff receive special treatment, only that he not be excluded from, denied the benefits of, or subjected to discrimination under a program solely because of his disability. The evidence submitted by Defendant Daniels reveals that Plaintiff was not excluded from eating in or obtaining the benefits of the chow hall or subjected to discrimination in

the operation of or his participation in the chow hall. Accordingly, the Court recommends that Defendant Daniels is entitled to summary judgment as to Plaintiff's ADA claim.

        2.        Eighth Amendment Claim

The evidence submitted by Defendant Daniels reveals that Plaintiff was not subjected to an extreme deprivation that denied him the minimal civilized measure of life's necessities. This evidence further demonstrates that Defendant had no knowledge of Plaintiff's dissatisfaction with the policy change or his alleged decision to stop eating in the chow hall. Plaintiff has failed to submit any evidence suggesting otherwise. Accordingly, the Court recommends that Defendant Daniels is entitled to summary judgment as to Plaintiff's Eighth Amendment claim.

**II.**        **Plaintiff's Motion to Defer**

Plaintiff requests that the Court defer resolution of Defendant's motion for summary judgment so that he may engage in discovery. Federal Rule of Civil Procedure 56(f) provides as follows:

> (f)    **When Affidavits are Unavailable**. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)    deny the motion;
>
> (2)    order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3)    issue any other just order.

The decision to grant relief under Rule 56(f) lies within the Court's discretion. *See Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425-26 (6th Cir. 2009). To qualify for relief under this

provision, the party must describe with "some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment." *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009). "Bare allegations or vague assertions of the need for discovery are not enough." *Id.* Furthermore, the movant must indicate "why the information has not been previously discovered." *Egerer*, 556 F.3d at 426.

In his affidavit, Plaintiff asserts that he has "been working on interrogatories. . .as fast as jailhouse lawyers are able to assist." (Dkt. #24). Plaintiff further asserts that "with discovery I hope to uncover the Defendant created a discriminatory act against me because I am paralyzed and have an inability to maneuver in accordance with other prisoners, and that the Defendant alone took these actions." (Dkt. #24).

Plaintiff's vague assertion of the need for discovery is insufficient to merit relief under Rule 56(f). More than five months passed between the date Plaintiff initiated this action and the date he executed his affidavit in support of relief under Rule 56(f). This was ample time to discover facts to oppose Defendant's motion for summary judgment or at the very least identify with the requisite specificity the discovery he requires to oppose Defendant's motion. Plaintiff's "hope" that the opportunity for discovery will uncover unknown and unspecified facts sufficient to defeat Defendant's motion for summary judgment does not merit the relief requested. The Court recommends, therefore, that Plaintiff's motion to defer be **denied**.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant Daniel's Motion for Summary Judgment</u>, (dkt. #17), be **granted**; <u>Plaintiff's Motion to Defer Defendant's Motion for Summary Judgment</u>, (dkt. #23), be **denied**; and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 6, 2009

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge