UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF HAMILTON,

    Plaintiff,

v.                                                                           Case No. 1:08-CV-785

LYLE DANIELS,                                       HON. GORDON J. QUIST

    Defendant.
_____/

# AMENDED ORDER ADOPTING
# REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the report and recommendation issued April 6, 2009, in which Magistrate Judge Carmody recommended that Defendant's motion for summary judgment be granted, Plaintiff's motion to defer Defendant's motion for summary judgment be denied, and Plaintiff's action be dismissed. With regard to Plaintiff's claim under the Americans with Disabilities Act, the magistrate judge concluded that such claim fails against Defendant in his individual capacity because the ADA does not impose liability upon individuals. He also concluded that Defendant's evidence established that disabled prisoners, such as Plaintiff, were provided assistance in the chow hall if needed and requested. Regarding Plaintiff's Eighth Amendment claim, the magistrate judge concluded that Defendant's evidence shows that Plaintiff was not subjected to extreme deprivation that denied him the minimal civilized measure of life's necessities and that Defendant had no knowledge of Plaintiff's dissatisfaction with the policy change.

After conducting a *de novo* review of the report and recommendation, the Court will adopt it in its entirety.

Plaintiff attaches to his Objections a copy of a memorandum dated July 12, 2007, purportedly from Defendant to all staff and disabled prisoners setting forth the policy change on "disabled prisoners chow lines." Plaintiff's exhibit is similar to the July 8, 2007, memorandum attached to Defendant's affidavit, but omits the following sentence: "If you or your aid are still in need of assistance food service will have a food service worker assist you in carrying your tray to the table upon request." In addition, Plaintiff's exhibit contains the phrase "AExpecting Excellence Every Day@" at the top, whereas the memorandum attached to Defendant's affidavit contains the phrase "Expecting Excellence Every Day." Plaintiff states that he has never seen the July 8, 2007, memorandum submitted by Defendant, but contends that the July 12, 2007, memorandum that he has submitted creates a genuine issue of material fact. This assertion is wrong, because Plaintiff merely attaches the memorandum to his objection without proper authentication. *See Watts v. Fed. Express Corp.*, 52 F. App'x 819, 821 (6th Cir. 2002). Moreover, Plaintiff fails to explain why he did not submit his exhibit to the magistrate judge in opposing Defendant's motion for summary judgment.

Plaintiff's Objection also fails to address the magistrate judge's conclusion that Plaintiff failed to submit any evidence showing that Defendant had knowledge of Plaintiff's dissatisfaction with the policy change or his alleged decision to stop eating in the chow hall. Defendant stated in his affidavit that he first learned of Plaintiff's claim when he was served with the Complaint in this lawsuit. Nothing in Plaintiff's Objections contradicts this statement.

Finally, although Plaintiff again complains that he was not afforded any discovery, he fails to explain why the magistrate judge erred in concluding that Plaintiff failed to satisfy the requirements of Rule 56(f) of the Federal Rules of Civil Procedure. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued April 6, 2009 (docket no. 30) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 17) is **GRANTED** and Plaintiff's Motion to Defer Defendant's Motion for Summary Judgment (docket no. 23) is **DENIED**.

This case is **concluded**..


Dated: July 20, 2009 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE